COLUMBUS W. AND MARGARET R. HENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henson v. Commissioner
Docket No. 1733-78.
United States Tax Court
T.C. Memo 1980-140; 1980 Tax Ct. Memo LEXIS 438; 40 T.C.M. (CCH) 256; T.C.M. (RIA) 80140; April 28, 1980, Filed *438 During 1976, petitioner-husband, a truck driver, maintained a log-book which recorded his hours, mileage, and route.Petitioners also recorded contributions to their church on a wall calendar. Held, petitioner-husband's log-book is insufficient to meet the requirements of section 274(d). Held further, amount of petitioners' charitable deduction determined. Columbus W. Henson, pro se. Isham B. Bradley, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $1403 in petitioners' 1976 Federal income tax. The issues for our decision are whether the petitioners have substantiated, under section 274(d), [1] certain travel expenses of petitioner-husband and whether petitioners are entitled to a charitable contribution deduction for contributions to their church. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioners, Columbus W. and Margaret R. Henson, husband and wife, resided in Morristown, Tennessee, during the year in issue and at the time they filed the petition herein. Petitioners' 1976 joint Federal income *440 tax return was filed with the Internal Revenue Service Center at Memphis, Tennessee. Petitioner-husband (sometimes referred to as Columbus) is employed as a long-haul driver by Roadway Express, Inc. Columbus is required by the Interstate Commerce Commission to keep a daily log-book. The log-book records each driver's time (1) off duty, (2) in a sleeper berth, (3) driving, and (4) on duty (but not driving), mileage and route. The log-book does not show items of expense. During 1976 Columbus usually drove round-trip from Morristown to Harrisburg, Pennsylvania, and back. Roadway Express paid for any overnight accommodations and for one meal after 17 hours on duty. On their 1976 tax return petitioners claimed a $4,698 deduction for away-from-home travel expenses. Petitioners computed this amount by multiplying 261 nights by $18.00 per night. Other than the log-book petitioners kept no records of Columbus' travel expenses. Petitioners also claimed a $1,200 charitable contribution deduction for 1976. Petitioners determined this deduction by totalling the pencilled notations made on a 1976 wall calendar. On certain Sundays on the calendar a figure appears. The sum of these *441 notations is $945. In addition, the notation "Bus 375" is on the back of the calendar. [2] Other than the calendar petitioners have no documentation for their claimed church contributions. In a statutory notice of deficiency mailed to petitioners on November 23, 1977 respondent determined that petitioners were not entitled to any deductions for away-from-home travel expenses and charitable contributions. OPINION Petitioners claimed deductions for travel expenses of petitioner-husband and certain charitable contributions. Respondent disallowed these deductions in full. Respondent's determination regarding petitioners' travel expenses is based on section 274(d). Section 274(d)(1) provides that no deduction shall be allowed under section 162 or 212 for any traveling expense, including meals and lodging while away from home, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (1) the amount of the expense, (2) the time and place of the travel, *442 and (3) the business purpose of the expense. Section 1.274-5(c)(2), Income Tax Regs., defines "adequate records" as an account book, diary, statement of expense or similar record and documentary evidence (such as receipts or paid bills) which, when combined, establish each element of the expense set forth in section 274(d). If the taxpayer lacks adequate records he may satisfy section 274(d) by sufficient evidence corroborating his own statement. Section 1.274-5(c)(3), Income Tax Regs., requires a detailed written or oral statement by the taxpayer and other corroborative evidence. While section 162(a)(2) [3] allows the type of travel expense deduction claimed by petitioners, all such deductions must meet the substantiative requirements of section 274(d). Petitioners' records clearly fall afoul of section 274(d). *443 Petitioners' only evidence of the claimed travel expenses of petitioner-husband is the log-book and Columbus' own testimony. The log-book only shows Columbus' time, mileage, and route, it does not record the amounts of expense. While we agree with petitioners that detailed recordkeeping can be burdensome at times, Congress requires such recordkeeping for certain expenses and we have no alternative but to uphold respondent's determination. [4]
Petitioners also claimed a $1,200 charitable contribution for donations to their church, which respondent disallowed in full. Respondent's determination is presumed correct and petitioners bear the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); *444 Rule 142(a), Tax Court of Rules of Practice and Procedure. Petitioners' lone evidence of church donations is their 1976 wall calendar, on which certain notations are made. The back of the calendar bears the notation "Bus 375," which petitioners contend was the cost of certain parts purchased by them for the church's bus. Despite the paucity of relevant records, we are convinced that petitioners made contributions to their church during 1976. Accordingly, under the Cohan rule n. 4, supra, we find that petitioners are entitled to a $250 charitable deduction. [5]
Decision will be entered *445 under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. While the sum of all notations made on the calendar is $1,320, petitioners only claimed a $1,200 deduction. The difference of $120 has not been explained by petitioners.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.↩
4. Prior to the enactment of section 274(d), travel expenses could be approximated under the rule of Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930). Cohan was made inapplicable to certain expenses by section 274(d) and thus we must disallow petitioners' travel expenses in their entirety. See Sanford v. Commissioner,50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2nd Cir. 1969), cert. denied 396 U.S. 841↩ (1969).
5. This is not the first time that petitioners have been before the Court on these issues, although for different taxable years. See Henson v. Commissioner,T.C. Memo. 1979-110↩. Petitioners attribute the lack of records concerning their church contributions to their religious beliefs. We do not question petitioners' credibility or the sincerity of their religious beliefs. However, as noted, they have failed to meet the requirements of the tax laws. We urge the petitioners, in the future, to maintain adequate records to substantiate their claimed deductions.